UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JEFFERY D. STEARNS,              )<br>                                                  )<br>          Movant                          )<br>                                                  )<br>v.                                                )     Civil No.  05-104-P-C<br>                                                  )     Criminal No. 01-101-P-C<br>UNITED STATES OF AMERICA,  )<br>                                                  )<br>          Respondent                    ) | |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Jeffery Stearns was sentenced by this Court on April 30, 2002, after pleading guilty to being a felon in possession of a firearm.  Stearns previously filed a 28 U.S.C. § 2255 motion and this Court reinstated his right to appeal, dismissing the § 2255 motion without adjudication on the merits. Stearns then pursued a direct appeal and the First Circuit issued an opinion affirming Stearns's sentence.  Stearns has now filed a motion pursuant to 28 U.S.C. § 2255 seeking relief raising four grounds.  The United States has filed a response urging the Court to deny Stearns his desired relief and I now recommend the Court **DENY** Stearns's 28 U.S.C. § 2255 motion.

*Discussion*

*Grounds raised in 28 U.S.C. § 2255 Motion*

Stearns's motion raises the following four grounds.  First, he claims that there was an ex post facto violation because one of the prior convictions contributing to his armed career criminal enhancement was committed in 1979 which was before the enactment of

the armed career criminal statute. He states that the United States Attorney portrayed this conviction as thirteen years old rather than twenty-three years old.[1] Second, Stearns contends that he was entitled to a downward departure in light of the injuries and abuse he suffered while in federal custody at the Cumberland County Jail as this abuse was of a nature not contemplated by the United States Sentencing Guidelines. Third, Stearns asserts that there was a violation of his Sixth Amendment rights in that a jury and not the judge should have determined whether his burglary convictions used to enhance his sentence were crimes of violence. He also takes issue with this Court's conclusion that the convictions were not part of a common scheme or plan. And, fourth, Stearns frames a "plain error" ground premised on the United States' misrepresentation of the 1979 burglary conviction as being thirteen rather than twenty-three years old. He further argues that there was plain error to allow his Armed Career Criminal Act (ACCA) conviction when there was no mention of this status in his indictment and this status was not found by a jury. And, again, Stearns faults the Court's common scheme and plan determination but this time as a plain error rather than a Sixth Amendment problem.

*Direct Appeal*

In his direct appeal to the First Circuit Stearns argued that this Court erred in refusing to conduct an evidentiary hearing to determine the factual circumstance surrounding the two 1979 robberies and whether they were committed as part of a single, integrated criminal scheme; that the two burglaries had but one victim and should not be counted separately; and that Blakely v. Washington, 542 U.S. 296 (2004) entitled him to relief. See United States v. Stearns, 387 F.3d 104, 106 (1st Cir. 2004).

---

[1] Stearns refers to this conviction as being twenty-one and twenty-two years prior to his 2002 sentencing.

In rejecting Stearns's appellate challenges, the First Circuit reasoned:

> Although the Supreme Court has decided to expedite its review of the issue of Blakely's impact vel non upon the federal sentencing guidelines, we need not await its disposition before rejecting the Blakely argument in the instant case. First, Stearns did not present a Sixth Amendment-based challenge to the district court's § 4B1.4 enhancement, and thus the issue has been forfeited for purposes of appeal. See United States v. Cordoza-Estrada, 385 F.3d 56, 59 (1st Cir.2004) (noting that Blakely objection had been forfeited for failure to present it to the trial court); United States v. Savarese, 385 F.3d 15, 20 (1st Cir.2004) (same); United States v. Morgan, 384 F.3d 1, 7 (1st Cir.2004) (same). Normally, we review forfeited claims for plain error only, and will not vacate a sentence unless we find (i) error, (ii) which is plain, and (iii) affects the defendant's substantial rights. See Morgan, 384 F.3d at 7. Even then, however, we will determine whether to exercise our discretion to notice a forfeited error only where it seriously affected the fairness, integrity, or public reputation of the trial process. See id.
>
> Applying these standards, we discern no plain error. There are but two findings of fact which could conceivably have triggered the Blakely holding in the instant case: (i) whether the two burglaries constitute prior convictions for crimes of the type counted under the ACCA, viz., " a violent felony or a serious drug offense"; and (ii) whether the particular circumstances in these two burglaries-his former employer's alleged insurance fraud scheme-would suggest that the burglaries were part of a single "occasion" under the ACCA.
>
> As to the former finding, in the district court Stearns did not dispute that he was convicted of the two burglaries, nor that the burglaries were the type of "violent felony" countable under the ACCA. Moreover, had he posed such a dispute, the Blakely decision does not encompass sentencing enhancements based upon "the fact of prior conviction," which is not the type of circumstance which the Sixth Amendment mandates be determined by a jury, rather than the sentencing court. See Cordoza-Estrada, 385 F.3d at 59 ("Blakely did not disturb the distinction between 'the fact of a prior conviction' and other facts that 'increase the penalty for a crime beyond a prescribed maximum.' "). In addition, even if "the fact of prior conviction" were not already beyond the ambit of Blakely, in the Stearns indictment the government listed the two prior burglary convictions as ACCA predicate offenses, and the Stearns guilty plea would constitute an admission of fact which independently removed his case from the operation of Blakely. See United States v. Saldivar-Trujillo, 380 F.3d 274, 279 (6th Cir.2004) (noting that Blakely does not apply to "facts ⋯ admitted by the defendant") (citing Blakely, 124 S.Ct. at 2537).
>
> As concerns any alleged "factual" finding relating to whether the particular circumstances which obtained in the two Stearns burglaries would demonstrate that they constituted one "occasion," we discern no

3

> plain error. In denying Stearns' request for an evidentiary hearing on this issue, the district court cited <u>Taylor v. United States</u>, 495 U.S. 575 (1990), for the proposition that district courts normally should not look beyond the indictment when determining whether a prior conviction is the type countable under the ACCA. Whether or not the district court's <u>Taylor</u> citation is entirely apposite, an issue upon which we express no opinion, the record demonstrates that Stearns affirmatively accepted the district court's ruling, thereby waiving any initial request for such an evidentiary hearing.

<u>Id.</u> at 106-07 (footnote omitted).

### *Recommended Disposition*

#### *Stearns's Attempt to Secure a Downward Departure*

In his motion Stearns explains that on February 21, 2002, while he was being held on the federal charges he was involved in an altercation with officers at the jail that gave rise to a 42 U.S.C. § 1983 lawsuit that resulted in a settlement. As the United States points out, this Court may not modify a term of imprisonment once it has been imposed unless the Director of the Bureau of Prisons moves for a reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; Stearns has rendered substantial assistance to the government, <u>see</u> § 3582(c)(1)(B); Fed. R. Crim. P. 35; or if Stearns had "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," § 3582(c)(2). None of these exception to non-modification pertain here.

#### *Stearns's Ex Post Fact, Sixth Amendment, and Plain Error Counts*

On his 28 U.S.C. § 2255 form Stearns indicates that he did not raise his <u>ex post facto</u> claim on direct appeal because his attorney failed to do so. As to both his Sixth

4

Amendment and plain error grounds Stearns indicates that "new rulings have come out" since his appeal but he does not identify these rulings by name.

With respect to the ex post facto claim and any portion of the Sixth Amendment/plain error grounds not raised on direct appeal, Stearns attempts to have this Court give collateral relief on claims he did not raise during his sentencing or on his resuscitated direct appeal means he is only entitled to have 28 U.S.C. § 2255 review if he can demonstrate cause and prejudice for his failure to do so. In United States v. Frady the Supreme Court explained:

> Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks. To the contrary, a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal. See, e.g., United States v. Addonizio, 442 U.S. 178, 184-185 (1979); Hill v. United States, 368 U.S. 424, 428-429 (1962); Sunal v. Large, 332 U.S. 174, 181-182 (1947); Adams v. United States ex rel. McCann, 317 U.S. 269, 274 (1942); Glasgow v. Moyer, 225 U.S. 420, 428 (1912); In re Gregory, 219 U.S. 210, 213 (1911). As we recently had occasion to explain:
>> "When Congress enacted § 2255 in 1948, it simplified the procedure for making a collateral attack on a final judgment entered in a federal criminal case, but it did not purport to modify the basic distinction between direct review and collateral review. It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment. The reasons for narrowly limiting the grounds for collateral attack on final judgments are well known and basic to our adversary system of justice." United States v. Addonizio, supra, at 184 (footnotes omitted).

456 U.S. 152, 164-65 (1982). The First Circuit in Prou v. United States reflected:

> In general, waiver and procedural default rules serve the public interest in the finality of criminal judgments. See Frady, 456 U.S. at 166. Moreover, requiring a defendant to raise an issue at trial and/or on direct appeal "channel[s], to the extent possible, the resolution of various types of

5

questions to the stage of the judicial process at which they can be resolved most fairly and efficiently." Reed v. Ross, 468 U.S. 1, 10 (1984).

199 F.3d 37, 47 (1st Cir. 1999).

Frady rejected the plain error standard for claims not raised during the criminal proceeding or on direct appeal and reaffirmed "the well-settled principle that to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." 456 U.S. at 167. The Court concluded that the proper standard was the "cause and actual prejudice standard." Id. "Under this standard, to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) "cause" excusing his double procedural default, and (2) "actual prejudice" resulting from the errors of which he complains." Id. at 167-68. See Derman v. United States, 298 F.3d 34, 45 (1st Cir. 2002)(undertaking the cause and prejudice inquiry vis-à-vis a defaulted Apprendi claim).[2]

With respect to Stearns's ex post facto claim he does indicate that his attorney failed to assert the claim. "Constitutionally ineffective assistance of counsel constitutes cause sufficient to excuse a procedural default. Prou, 199 F.3d at 47 (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)). However, as to this claim the United States is absolutely right that the ACCA did not increase the penalty for Stearns's past crime; it increased the penalty for the post-ACCA federal crime. See Gryger v. Burke, 334 U.S. 728, 732 (1948) ("The sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense

---

[2] Stearns's motion does not present a claim under the miscarriage of justice/actual innocence alternative for excusing of a procedural default. See Bousley v. United States, 523 U.S. 614, 623-24 (1998).

because a repetitive one."). In a challenge by an ACCA defendant's sentence the First Circuit observed:

> Sentence enhancements that build upon predicate offenses do not increase a defendant's punishment for the earlier offenses but merely provide a more onerous penalty for the newly-committed crime. Gryger v. Burke, 334 U.S. 728, 732 (1948). This makes perfect sense because the new crime, viewed against the backdrop of the defendant's checkered criminal past, "is considered to be an aggravated offense" due to its recidivist quality. Id."

United States. v. Moore, 286 F.3d 47, 50 (1st Cir. 2002); see also United States v. Abraham, 386 F.3d 1033, 1038 (11th Cir. 2004) ("We have held that the use of predicate felonies to enhance a defendant's sentence does not violate the Ex Post Facto Clause because such enhancements do not represent additional penalties for earlier crimes, but rather stiffen the penalty for the latest crime committed by the defendant."); United States v. Forbes, 16 F.3d 1294, 1301-02 (1st Cir. 1994) (discussing Gryger). Accordingly, it was not ineffective within the meaning of Strickland v. Washington, 466 U.S. 668 (1984) for counsel not to bring such a claim during the sentencing proceedings or on appeal and, therefore, there is no "cause" for Stearns not having raising his ex post facto claim on direct appeal.

As for Stearns's Sixth Amendment and his related plain error claims, the First Circuit has already concluded that Stearns when pleading guilty admitted that "the burglaries were the type of 'violent felony' countable under the ACCA." Stearns, 387 F.3d at 107. It also concluded that there was no plain error in this Court's conclusion that the record demonstrated that Stearns had affirmatively accepted this Court's ruling that the two burglaries were not part of a common scheme or plan. With respect to the indictment and the ACCA, the First Circuit noted that in the indictment the United States

listed the two prior burglary convictions as ACCA predicate offenses.  Having had no success under the more defendant friendly "plain error" review of a direct appeal, Stearns cannot hope for a better result under the more restricted collateral review standards.  See Dirring v. United States, 370 F.2d 862, 864 (1st Cir. 1967) ("Although the strict doctrine of res adjudicata does not apply to § 2255 motions, it is firmly settled that issues disposed of on a prior appeal will not be reviewed again by way of such a motion.").

I also note that Stearns provides no explanation for his failure to raise these claims other than that some unidentified new rulings came out.  New rulings issue from the federal courts every day.  If the issuance of a new ruling in some way relevant to a defendant's crime of conviction or sentence alone constituted cause under Frady then the finality of a completed or forgone appeal would be very fleeting indeed.   The United States divines that Stearns means the Apprendi v. New Jersey, 530 U.S. 466 (2000)/ Blakely v. Washington, 542 U.S. 296 (2004)/United States v. Booker, __ U.S. __, 125 S. Ct. 738 (Jan. 12, 2005) line of cases.  On direct appeal the First Circuit already determined that Blakely held no succor for Stearns.  Booker's extension of the Apprendi/Blakely principals to the United States Sentencing Guidelines does not upset that applecart as the Panel was assuming for the sake of argument that Blakely was applicable to the federal sentencing scheme (although subject to the Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998)/ Cordoza-Estrada, 385 F.3d at 59 exception)[3] and so, if it is Booker Stearns sees as his savior, the question has been decided against Stearns already.  See Dirring, 370 F.2d at 864.  Furthermore, in the wake of Apprendi a

---

[3]     As the United States notes the holding of Almendarez-Torres has been called into question, see Shepard v. United States, __ U.S. __, 125 S. Ct. 1254, 1263-64 (2005) (Thomas, J., concurring), and certainly counsel for defendants currently facing prosecution should be raising and preserving these challenges.  "It is the prerogative of the Court of Appeals and not the District Court to overrule precedent established by an appellate panel." Ruthardt v. United States, 164 F.Supp.2d 232, 245 (D. Mass. 2001)

Sixth Amendment challenge along the lines that Stearns belatedly presses was not so novel that it could possibly be considered "cause" for Stearns's failure to bring the challenge at the time he pled guilty and was sentenced. See Howard v. United States, 374 F.3d 1068, 1072 -73 (11th Cir. 2004).[4]

### *Conclusion*

For these reasons I recommend that the Court **DENY** Stearns's 28 U.S.C. § 2255 motion.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

September 12, 2005.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

---

[4] To the extent that Stearns is referring to Shepard v. United States, __ U.S. __, 125 S.Ct. 1254, 1263 (2005)("We hold that enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information."), he has not provided any information on why his particular burglary conviction would be challengeable under the new marching orders of Shepard. The United States contends that Stearns's convictions under Maine generic burglary statute would survive Shepard scrutiny.